**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| FREEHAND H.J., INC., | : | |
| Debtor. | : | Case No. 07-12172 (JKF) |
| _____ | | |
| FREEHAND H.J., INC., | : | |
| Plaintiff, | : | |
| v. | : | |
| WISE PRESERVATION PLANNING and ROBERT J. WISE, SR., | : | |
| Defendants. | : | Adversary No. 07-0158 |
| _____ | | |

# **MEMORANDUM OPINION**

BY:   JEAN K. FITZSIMON
       United States Bankruptcy Judge

This matter is before the Court on the Motion to Abstain and to Remand State Court Action Pursuant to 28 U.S.C. § 1334(c) 28 U.S.C. § 1452(b) and Federal Rule of Bankruptcy Procedure 9027, filed by Wise Preservation Planning and Robert J. Wise, Sr. (collectively, the "Defendants"). Because the Court is required to abstain from this proceeding pursuant to 28 U.S.C. § 1334(c)(2) and applicable Third Circuit law, the Motion is granted and this adversary is remanded to the state court.

## **BACKGROUND**

Freehand H.J., Inc., filed for Chapter 11 protection in this Court on April 15, 2007. Five days later it removed this adversary proceeding from state court to this Court pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027. The Defendants filed the Motion to Remand and Abstain on May 8, 2007. In addition to the Debtor, the Official Committee of Unsecured Creditors (the "Committee") filed an opposition to the Motion.

The dispute pending in the state court concerns a failed land development project by Freehand for which the Defendants were hired to prepare a historical impact report, to render an expert opinion to the East Goshen Township Board of Supervisors, and to advise the Debtor with regard to the area of historic preservation law and planning. The Debtor alleges that its real estate development project failed due, in part, to the negligence and errors of the Defendants in performing these duties. The underlying state court complaint was filed by Freehand on January 4, 2007 and states three causes of action against the Defendants: negligence, negligent misrepresentation, and piercing the corporate veil under the alter ego theory. This complaint, which seeks damages in excess of $50,000, was answered by the Defendants on January 29, 2007. The Debtor, in turn, answered a new matter raised by Defendants in state court.

## **DISCUSSION**

### **I.  MANDATORY ABSTENTION**

According to the Third Circuit, if a timely motion is made under § 1334(c)(2), a court "*must* abstain" if the following five requirements are met: (1) a proceeding is based on state law claims or state law cause of action; (2) the claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11; (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action "is commenced" in a state forum of appropriate jurisdiction; and (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction.  Stoe v. Flaherty, 436 F.3d 209, 213 (3d Cir. 2006) (emphasis in original).  See also Asousa P'Ship v. Pinnacle Foods (In re Asousa P'Ship), 264 B.R. 376, 382 (Bankr. E.D. Pa. 2001) (citing Federal Nat'l Mortg. Assoc. v. Rockafellow (In re Taylor), 115 B.R. 498 (E.D. Pa. 1990) (analyzing mandatory abstention under a similar test); In re Grace Community, Inc., 262 B.R. 625, 630 (Bankr. E.D. Pa. 2001) (same); In re Pacor, Inc., 72 B.R. 927, 931 (Bankr. E.D. Pa. 1987) (same).

If a court determines both that it must abstain pursuant to § 1334 and that there is reason for the suit to proceed in state court, then "there will be an 'equitable ground' justifying remand under §1452(b)."  Stoe v. Flaherty, 436 F.3d 209, 215 (3d Cir. 2006).  See also In re Micro Design, Inc, 120 B.R. 363, 366 (E.D. Pa. 1990) ("The Courts of this jurisdiction have consistently held that, if

grounds for abstention... are present, then a remand is appropriate.") (citations omitted); Toth v. Bodyonics, Ltd., 2007 WL 792172, at *2 (E.D. Pa. Mar. 15, 2007) (same).  The remand provision in § 1452(b) provides that "the court to which [a removed claim related to a bankruptcy case] or cause of action is removed may remand such claim or cause of action on any equitable ground."  Thus, abstention and remand go hand in hand.  If the Third Circuit mandatory abstention test is met, this adversary must be remanded to state court.

## II.  APPLICATION OF THE MANDATORY ABSTENTION STANDARD TO THE FACTS BEFORE THE COURT

Applying the Third Circuit's five part test, it is apparent that this adversary proceeding must be remanded to state court.  As a preliminary matter, it should be noted that a timely motion to remand was filed by the Defendants pursuant to 28 U.S.C. § 1334(c)(2).

(1)  The proceeding is based entirely on state law claims, namely negligence, negligent misrepresentation, and piercing the corporate veil.  Freehand does not dispute this.

(2)  The cause of action is "related to" this bankruptcy case, but is not a core proceeding.  See Stoe v. Flaherty, 436 F.3d 209, 217 (3d Cir. 2006) (citation omitted) ("Whether a proceeding is a 'core' proceeding that 'arises under' title 11 depends upon whether the Bankruptcy Code creates the cause of action or

4

provides the substantive right invoked"). The rights invoked by the Debtor's lawsuit -- negligence, negligent misrepresentation, and piercing the corporate veil -- are all common state law causes of action not created or invoked by the Bankruptcy Code. This proceeding is merely "related to" Freehand's bankruptcy because the outcome of it "could conceivably have an effect on the estate being administered in bankruptcy." Id. at 216 (citing In re Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). No substantive Bankruptcy Code rights are at issue in this suit nor, as discussed below, are any such rights implicated by the removal of this action. Therefore, the causes of action are "related to" and not core matters.

(3) The proceeding could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334. As discussed, this adversary involves state law claims and there is no diversity between the parties. Therefore, the state court action could not have been commenced in federal court but for the "related to" bankruptcy court jurisdiction under 28 U.S.C. § 1334.

(4) An action was commenced in a state forum -- the Court of Common Pleas of Chester County on January 4, 2007.

(5) The action can be timely adjudicated in state court. The action had been pending for more than three months when it was removed. As discussed in more detail below, there is no reason to think that a timely resolution cannot be expected in the state court.

## III. THE DEBTOR AND THE COMMITTEE'S ARGUMENTS

The Debtor and the Committee's briefs in opposition to the Motion focus on two main points – that mandatory abstention is not applicable because the Court has core jurisdiction over this proceeding pursuant to various provisions of 28 U.S.C. § 157, and that it would be more expedient to adjudicate this matter in the bankruptcy court. Neither of these arguments is persuasive.

First, the Court does not have core jurisdiction over this matter because the adversary presents only state law causes of action and does not present any substantive bankruptcy rights. The dispute merely comes within the related-to jurisdiction of the bankruptcy court because "the outcome of [the] proceeding could conceivably have an effect on the estate being administered in bankruptcy." In re Resorts Int'l Inc., 372 F.3d 154, 164 (3d Cir. 2004) (citation omitted). If the state court suit is successful, it will increase the value of the Debtor's estate. Therefore, the Court has "related to" jurisdiction over this adversary. However, only "proceedings arising under title 11, and proceedings arising in a case under title 11 are referred to as core proceedings." Stoe v. Flaherty, 436 F.3d at 217. Whether a proceeding is a "core" proceeding that "arises under" title 11 depends upon whether the Bankruptcy Code creates the cause of action or provides the substantive right invoked. Id. (citing Halper v. Halper, 164 F.3d 830, 836, n.7 (3d Cir.1999)). The suit against the Defendants alleges negligence, negligent misrepresentation, and piercing the corporate veil, which are purely state law

6

causes of action that do not arise in or under title 11. Hence, the court does not have core jurisdiction here.

The Debtor and the Committee's attempts to place Freehand's lawsuit against the Defendants under the core jurisdictional provisions of 28 U.S.C. § 157 are unavailing.[1] The Committee argues that the Debtor's suit against the Defendants could have a substantial impact on the size of Freehand's estate because it involves the Debtor's most important potential asset, namely its claim to the real estate. However, such a possibility does not give a court core jurisdiction over a suit; "while the eventual recovery... by the various parties may effect, even drastically, the Debtor's estate, subsection [§157(b)(2)(O)] does not render a proceeding core merely because the resolution of the action results in more, or less, assets in the estate." In re Donington, Karcher, Salmond, Ronan & Rainone, P.A., 194 B.R. 750, 759 (D.N.J. 1996) (quotations and citations omitted). Commenting on the fact that nearly everything could potentially fit under the broad definition outlined in § 157(b)(2)(O), the Third Circuit has commented that "[i]t is difficult to perceive of a proceeding which would not fall under the all-encompassing language of either § 157(b)(2)(A) or § 157(b)(2)(O), but we are cautioned that an expansive interpretation of these provisions may

---

[1]This section of the jurisdictional statute lists certain examples of core proceedings, including those pointed out by the Debtor and the Committee:
- §157(b)(2)(E) orders to turn over property of the estate
- §157(b)(2)(M) orders approving the use or lease of property...
- §157(b)(2)(N) orders approving the sale of property...
- §157(b)(2)(O) other proceedings affecting the liquidation of the assets of the estate...

7

lead to some seemingly incorrect and over broad results regarding core proceedings." In re Meyertech Corp., 831 F.2d 410, 416 (3d Cir. 1987). See also In re Trans World Airlines, Inc., 278 B.R. 42, 48 (Bankr. D. Del. 2002) ("A proceeding is not 'core' simply because it arguably fits within the literal wording of one of the listed proceedings under § 157(b)(2)") (internal quotations and citations omitted). Therefore, contrary to the assertions of Freehand and the Committee, the Court does not have core jurisdiction over the Debtor's lawsuit against the Defendants simply because the proceeding may affect the liquidation of the assets of the estate. This factor alone does not implicate a right that arises in or arises under the Bankruptcy Code.

The Committee's additional efforts to define this adversary as a core proceeding under certain other subsections of § 157(b)(2) are equally flawed. The adversary does not involve an order to turn over property of the estate pursuant to § 157(b)(2)(E) because the assets in question - money damages and the real estate - are in dispute. See In re W.S.F. World Sports Fans, LLC, ___B.R.____, 2007 WL 1153881, at *5 (Bankr D.N.M. Apr. 13, 2007) ("actions seeking a turnover of assets whose title is in dispute can only constitute, at the most, non core rather than core proceedings given that such actions are not true turnover actions within the meaning of § 542(a) and 28 U.S.C. § 157(b)(2)(E)") (citation omitted)). Nor does the suit against the Defendants involve an order regarding the use or lease of property under § 363 of the Code, which could

implicate § 157(b)(2)(M), as the Committee argues. See Wills Motors, Inc. v. Volvo North America Corp., 131 B.R. 263, 267 (S.D.N.Y. 1991) ("28 U.S.C. § 157(b)(2)(M) relates to a proceeding where an order is proposed to the court calling for the approval of the use or lease of property pursuant to 11 U.S.C. § 363"). Lastly, the Committee asserts that this adversary is included under § 157(b)(2)(N). However, "core proceedings under §157(b)(2)(N) are those which arise from, concern, or have some impact on *orders* approving the sale of property." In re Trans World Airlines, Inc., 278 B.R. at 49 n.16 (emphasis in original). No order of the Court is at issue here. Therefore, no provision of section 157 gives the Court core jurisdiction. Hence, the cause of action is subject only to the Court's "related to" jurisdiction.

The Committee and Freehand further argue that it would be expedient to keep this lawsuit here in this Court. They note that this suit was filed at the beginning of the year and that no discovery has been exchanged (though the Defendants dispute this). The Committee also asserts that, if the adversary were removed to this Court, it could possibly be consolidated with certain of the Debtor's other adversaries. The assertion that removal would be expedient is flawed for at least two reasons. First, the question when analyzing abstention is "not whether the action would be *more quickly* adjudicated in [the bankruptcy court] than in state court, but rather, whether the action can be *timely adjudicated* in the state court." In re Trans World Airlines, Inc., 278 B.R. at 51 (emphasis in

original).  Given that, in the few months before the Debtor removed the action to this court, an answer, a new matter, and a response to the new matter were filed, and that, according to the Defendants at least, depositions are imminent and voluminous documents are being exchanged by the parties, the Court has reason to believe that this lawsuit can be timely adjudicated in the state forum.

Second, contrary to the assertion of Freehand and the Committee, what is most expedient may well be for the state court judge, who currently has familiarity with the case, to adjudicate the matter.  See In re Mid-Atlantic Handling Sys., LLC, 304 B.R. 111, 125 (Bankr. D.N.J. 2003) (holding that mandatory abstention was applicable where discovery had not yet terminated and stating that "it is simply more economical and efficient at this point in the proceedings for the state court to adjudicate this matter").  While it is true that the matter in Mid-Atlantic had been pending in the state court for longer than this case, the point is that the state court judge is already familiar with the Wise suit and likely will provide at least as quick a resolution as this Court would.  To the extent consolidation of the various actions is appropriate, the Debtor can seek it as readily in state court as in this Court.  Therefore, the Committee and Freehand's assertion that this Court would be the more expedient forum neither is necessarily true nor a necessary factor in determining whether abstention is appropriate.

Because mandatory abstention is applicable here, the merits of the Committee and Freehand's discussion of discretionary abstention need not be reached.

## **CONCLUSION**

For the reasons discussed, the Court concludes that all five factors of the Third Circuit's mandatory abstention test have been met here and, accordingly, the Court must abstain from this proceeding and remand it to state court. The Defendants' Motion is granted.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| **FREEHAND H.J., INC.,** | : | |
| Debtor. | : | Case No. 07-12172  (JKF) |
| _____ | | |
| **FREEHAND H.J., INC.,** | : | |
| Plaintiff, | : | |
| v. | : | |
| **WISE PRESERVATION PLANNING** and **ROBERT J. WISE, SR.,** | : | |
| Defendants. | : | Adversary No. 07-0158 |
| _____ | | |

# **ORDER**

This 19th day of June, 2007, Defendants Wise Preservation Planning and Robert J. Wise, Sr. Motion to Abstain and to Remand State Court Action Pursuant to 28 U.S.C. § 1334(c), 28 U.S.C. § 1452(b) and Federal Rule of Bankruptcy Procedure 9027 is granted and this matter is remanded to the state court from which it was removed.

_____
JEAN K. FITZSIMON
United States Bankruptcy Judge

Copies to:

John A. Wetzel, Esquire
J. Keath Fetter, Esquire
One South Church Street, Suite 400
West Chester, PA  19382

Albert A. Ciardi, III, Esquire
Ciardi & Ciardi
Once Commerce Square
2005 Market Street, Suite 1930
Philadelphia, PA  19103

Michael Alan Siddons, Esquire
334 West Front Street
Media, PA 19063

Henri Marcel, Esquire
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, PA 19103

Alexander Barnes, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103-1895